## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe[1]

       v.

N.H. Department of Corrections
Commissioner et al.

Civil No. 21-cv-604-LM
Opinion No. 2022 DNH 023 P

### O R D E R

Plaintiff, a prisoner in the custody of the New Hampshire Department of
Corrections ("DOC"), asserts in this lawsuit that defendant DOC officials failed to
protect him from assault by other prisoners, resulting in injury, almost three years
ago.  Before the Court is plaintiff's motion for a preliminary injunction and
permanent injunctive relief (doc. no. 3)[2].  Plaintiff asks this Court to enjoin
defendant DOC officials from placing him in harm's way or otherwise retaliating
against him for filing this lawsuit.  For the reasons set forth herein, the plaintiff's
motion (doc. no. 3 (sealed)/doc. no. 3-1 (redacted)) is denied.

### Background

Plaintiff filed this lawsuit alleging that, several years ago, defendant prison
officials failed to protect him from harm, which resulted in two prisoners attacking

---

[1] Plaintiff's name appears in his filings.  The court has provisionally altered
the case caption for reasons set forth in the August 13, 2021 Order (doc. no. 11)
issued in this case.

[2] The Court has sealed plaintiff's motion for preliminary and permanent
injunctive relief (doc. no. 3) pursuant to its August 13, 2021 Order (doc. no. 11).  A
redacted copy of that motion is available in the public docket as Document No. 3-1.

and injuring plaintiff.  Plaintiff states that, more than two years ago, he filed a
document in an unrelated case in this Court describing that attack.  In response to
that filing, he says, several DOC officers and investigators (who are not named as
defendants in this case) took him aside and advised him not to pursue litigation
regarding the attack, stating he did not have a case and "it really wouldn't be worth
it," or something to that effect.  Doc. No. 3 (sealed)/Doc. No. 3-1 (redacted), at 2.

In support of the instant motion, plaintiff also asserts that other DOC
prisoners have suffered unspecified "retaliation" for asserting their legal rights.  Id.
Plaintiff further states, without describing specific incidents, that DOC officers and
prisoners regularly assault other prisoners, but plaintiff does not attribute such
assaults to retaliation for the assaulted prisoners' First Amendment activities.  Id.
at 2.  Plaintiff claims that, without an injunction, any number of DOC officials
might retaliate against him with impunity for filing this lawsuit because defendant
officers are protected by a "blue wall" comprised of other DOC officers and officials,
members of the State employees' union, and the New Hampshire Attorney General's
Office.  Id.

## Discussion

I.    Preliminary Injunction

A.    Standard

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and
drastic remedy that is never awarded as of right.'"  Harry v. Countrywide Home

Loans, Inc., 215 F. Supp. 3d 183, 186 (D. Mass. 2016) (citations omitted), aff'd, 902 F.3d 16, 18 (1st Cir. 2018).  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted).

Irreparable harm and likelihood of success are the factors that weigh most heavily in the analysis.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'perhaps [P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'" (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995))).  "Irreparable harm most often exists where a party has no adequate remedy at law."  Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail."  Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citations omitted).

B.      Analysis

Because the Court has yet to preliminarily review this case, defendants have neither been served with, nor appeared in, this action.  Accordingly, at this stage, the Court declines to make any finding as to plaintiff's likelihood of success on the merits of the claims asserted in his complaint.  Assuming without deciding, however, that plaintiff could demonstrate that he is likely to succeed on the merits of those claims, he must also demonstrate that, without the requested injunctive relief, he faces irreparable harm.

To the extent plaintiff seeks an injunction based on a risk of future harm, "he may pursue forward-looking[] injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2210 (2021).  But "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity, 370 F.3d at 162.

Plaintiff bases his request for injunctive relief on his fear that he may suffer irreparable harm if DOC officials and/or officers retaliate against him for litigating this lawsuit.  Both the events underlying the claims in this case, and the comments that plaintiff alleges DOC officers and officials made to him about not pursuing any legal action based on those events, occurred more than two years ago.  And while he alleges that, at that time, DOC officials told him not to pursue any legal action

concerning the events underlying this lawsuit, plaintiff does not state that defendant prison officials threatened him with harm if he chose to pursue the matter. Even if DOC officials had threatened him, a discussion or threat more than two years ago is insufficient to demonstrate that he will be subjected to imminent harm today if the Court declines to issue the preliminary injunction he seeks. Moreover, plaintiff is no longer housed in the unit to which the officers from whom he fears retaliation are assigned.

Although plaintiff fears that the defendants might harm him in response to his filing of this lawsuit, he does not point to any specific threat made against him or any specific circumstances that demonstrate that his fears are more than speculative. Plaintiff's allegation that some DOC officials have retaliated against other DOC prisoners who engage in legal activities does not suffice to demonstrate that plaintiff himself will be subject to irreparable harm for filing this action. Additionally, the Court has sealed plaintiff's identity from public view in this case — so others cannot likely link the allegations to his identity — to protect him from potential retaliation.

Accordingly, the Court denies plaintiff's motion for a preliminary injunction. The denial of plaintiff's motion is without prejudice to his ability to file a similar motion in the future should circumstances warrant.

II.    <u>Permanent Injunction</u>

    A.    <u>Standard</u>

Plaintiff also seeks a permanent injunction barring defendant DOC officials from retaliating against him for filing this lawsuit.  To obtain a permanent injunction, a party must make a showing of "actual success," rather than "only a showing of likelihood of success on the merits."  <u>NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.</u>, 927 F.3d 1, 4 (1st Cir. 2019) (citing <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 391 (2006)).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it <u>has suffered an irreparable injury</u>; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

<u>eBay Inc.</u>, 547 U.S. at 391 (emphasis added).


    B.    <u>Analysis</u>

Plaintiff cannot, at this time, demonstrate that he has obtained "actual success" on the merits of his case, <u>NACM-New England</u>, 927 F.3d at 4, or that he "has suffered an irreparable injury" due to retaliation by defendant DOC officials, <u>eBay Inc.</u>, 547 U.S. at 391.  Accordingly, a permanent injunction is not warranted at this time, and the court denies plaintiff's request for a permanent injunction without prejudice to his ability to make such a request at an appropriate stage of this case.

## **Conclusion**

For the foregoing reasons, plaintiff's motion for a preliminary and permanent injunction (Doc. No. 3 (sealed)/Doc. No. 3-1 (redacted)) is DENIED without prejudice.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

March 7, 2022

cc:      Plaintiff John Doe, pro se