**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

John Doe[1]

    v.                                                     Civil No. 21-cv-604-LM

Commissioner, New Hampshire
Department of Corrections, et al.

**Report and Recommendation**

John Doe, who is incarcerated at the New Hampshire State Prison ("NHSP") and is proceeding pro se and in forma pauperis, brings claims against the Commissioner of the New Hampshire Department of Corrections ("DOC") and other prison officials and officers.[2] His claims arise from an incident in 2018 when Doe was assaulted by two other inmates and was seriously injured. His complaint (document no. 1), and addenda to the complaint, which are construed as amendments, (documents nos. 7, 12, 13, 15, 16, and 20) are referred for preliminary review pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Standard of Review**

The court may dismiss sua sponte an action brought by a pro se inmate against prison officials if, among other things, the

---

[1] See doc. no. 11.
[2] Doe was at the NHSP at the time of the assault alleged in his complaint but was housed at the Northern Correctional Facility in Berlin, New Hampshire, when he filed the complaint. He was then moved back to the NHSP as of April 29, 2022.

plaintiff fails to allege facts that state a claim for relief. §§ 1915(e)(2)(B) & 1915A(a); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020).  For purposes of deciding whether the complaint states an actionable claim, the court takes the factual allegations, without legal conclusions, as true and determines whether those facts are sufficient to state a plausible cause of action.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013); Machado v. Weare Police Dept., 494 F. App'x 102, 105 (1st Cir. 2012).  The court liberally construes a pro se complaint, using a less stringent standard than would apply to a pleading filed by a lawyer.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background

Doe alleges that he has been in prison since March of 2013, when he turned himself in for parole violations.[3]  In 2018, Doe's son, Ricky, began serving a sentence at the NHSP, and Doe was concerned that his son would be assigned to the Hancock Building.  Doe was housed in Unit C at the Hancock Building and was aware of issues that he thought would be dangerous for his son who had recently overdosed on opioids.

---

[3] The record shows that he may have been incarcerated based on a conviction in State v. Davis, No. 219-2013-cr-290 (N.H. Super. Ct., Strafford Cty.); see Davis v. Edmark, 18-cv-1246-PB (D.N.H. report and recommendation, Aug. 27, 2019).

In January of 2018, Doe notified prison officials about his concerns in a note to the Director of Classifications, Sarah Provencher. Doe wrote that opioids were readily available in the Hancock Building and that there was no control over assaults and assaultive behavior. He asked that his son not be assigned to that building. In response, Provencher wrote that they would meet with Doe's son and talk with him about housing. She also suggested that Doe report his concerns to the warden. Doe's son was transferred to the Northern Correctional Facility in Berlin, New Hampshire, ("NCF") to attend the drug program, which was a relief to Doe.

Another of Doe's sons, Joshua, was incarcerated at the NHSP in July of 2018 and was assigned to the Hancock Building. Doe and his son spent time together in the prison yard each day. After twelve days, without notice to Doe, Joshua was moved to the protective custody unit.

On August 1, 2018, Doe was assaulted by two inmates. Doe states that the inmates were gang members and provides their names and identification numbers. Doe further alleges that the attackers told him not to report the assault and threatened that if he did report the attack his son at NCF would be killed. They told him to tell officers that he slipped in the shower.

Because of that threat, Doe did not immediately seek help for his injuries. On August 3, however, he went to the office

3

for medical attention. The officer asked what happened, and he said he slipped in the shower.

When Doe arrived at the prison infirmary following the assault, Major John Fouts noticed his injuries and questioned him about what happened. Fouts took Doe to the infirmary security office and called the infirmary officer, FNU Omini, to join them. Doe told them he had been attacked by gang members. Fouts made a telephone call and said that Doe could not be returned to his unit but had to go to protective custody.

Doe then was taken for examination. The nurse who did the examination called the attending doctor. The doctor sent Doe to the hospital. He was transported to Catholic Medical Center where an MRI was done along with other examinations and treatment. Doe alleges that he suffered a broken neck, a severe concussion, abrasions, black eyes, and bruising. He also alleges that the attack exacerbated his PTSD and other psychiatric illnesses.

After his diagnosis at the hospital, Doe was taken back to the prison and discharged from the health services center. He was returned to the same unit in the Hancock Building. Doe states that Fouts did not contact the investigations department or write an incident report. Officer Masterello in Doe's unit said that Doe could not stay there because of his injuries and

4

asked him to complete a statement. Doe wrote the statement and asked for protective custody classification.

Doe's son, Joshua, was already housed in protective custody. Doe states that prison regulations preclude housing family members in the same unit. For that reason, Doe alleges, he was sent to the Special Housing Unit instead of to protective custody. Doe alleges that he remained in the Special Housing Unit for thirty days and was then moved to medium custody south.

Doe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on November 6, 2018, and filed an amended petition on April 16, 2019. Davis v. Edmark, 18-cv-1246-PB (D.N.H. report and recommendation, Aug. 27, 2019, app'd Sept. 25, 2019). He included claims about the conditions of his confinement at NHSP in the petition, including claims about the assault. His conditions of confinement claims were dismissed on preliminary review. Id.

Doe sent grievances and letters about the attack that are dated between August of 2018 and April of 2019, asking for action from the prison physician, Dr. Englander, director of Medical and Forensic Services Paula Mattis, Director of NHSP warden, NHSP director of security, the Concord Police Department, the Merrimack County Attorney, the New Hampshire Attorney General, the investigations unit staff at the NHSP, the New Hampshire Parole Board, the NHSP classifications department

5

staff. Because he did not receive responses, Doe believes the communications may have been intercepted by staff in the Secure Housing Unit.

In April of 2019, Christopher Kench, the director of security, responded that the request for an investigation had been forwarded to the Professional Standards Director. Kench also wrote that the record showed that Doe was not cooperative during the initial investigation because he claimed that he fell in the shower. Kench also wrote that the inmates involved in the attack had been disciplined and charged restitution.

In May of 2019, Doe was called to the mental health unit. Corrections Officer Amnot was waiting for him and took him to a room where Investigator James Azzara opened the door. Another investigator, FNU Walsh, was also there. Azzara and Walsh told him to stop pursuing the assault issue because it was not going anywhere.

Doe alleges that he learned after the assault that an inmate named David Hobson was at the NHSP before and during the time he was assaulted and was housed in medium security south. Doe alleges that Hobson circulated information that Doe's son, Joshua, had cooperated with authorities to apprehend Hobson after he escaped from the Carroll County Jail several years previously. Doe alleges that Hobson intended to have Joshua assaulted or killed.

6

Doe alleges that certain people at NHSP, including Masse and his staff, were aware of the situation with Hobson and Joshua. Joshua was warned that he was in danger and requested protective custody. Doe states that he was not notified about that situation with Hobson and the information Hobson had circulated before the assault. He contends that he was assaulted because of the issue between Hobson and Joshua. When Joshua was moved to protective custody, he became the target.

With respect to the inmates who assaulted him, Doe alleges that they are members of the Gangsters Disciples and that one of them has the name of a prison gang tattooed on his leg. He alleges that both inmates were active gang members at the time of the assault. He further alleges that one of the inmates was charged with assaults in 2008.

Doe brings a claim under the Eighth Amendment for failure to protect him from harm that resulted in the assault by two other inmates. For purposes of that claim, Doe names as defendants the Commissioner, Captain Jon Masse, Major John Fouts, Officer Omini, Director of Security Christopher Kench, Investigator James Azzara, Investigator FNU Walsh, and Corrections Officer NFU Amnot.

In a subsequent filing, Doe alleges that his rights under the Americans with Disabilities Act ("ADA") have been violated in prison, specifically that the defendants failed to protect

7

him, an inmate with mental illness.  As defendants, he names the Commissioner, Masse, Director of Mental and Forensic Services Paula Mattis, Senior Psychiatric Social Worker Deborah Green, Mental Health Management Inc., Kimberly Lacasse, and Sarah Provencher.

He alleges that he was designated Severely and Persistently Mentally Ill ("SPMI") and that in May of 2015 Deborah Green removed that designation.  Doe alleges that SPMI cannot be removed by one team member.  He alleges that the named defendants were negligent in placing him in harms way for the assault.

Doe contends that because of his mental illness diagnoses he should not have been in the Hancock Building.  He also contends that he should not have been in proximity to gang members and in particular to inmates with a known history of assaults.  He alleges that Masse and the Classification Department knew about one of the inmate's prior assaults and about Doe's mental illness and yet housed them together.

In another filing, Doe makes general allegations about a pattern of assaults by inmates and staff in the Hancock Building and in SHU.  He alleges that because Christopher Kench is the director of training the problems with assaultive behavior by staff begin with him.  He contends that the DOC, its staff, and the State Employees Association are part of a conspiracy to

8

cover up the assaults that occur in the prison. Doe asks that a federal investigation be conducted of the DOC for criminal wrongdoing.

### Discussion

In his complaint and addenda, Doe makes allegations pertaining to (1) violation of the Eighth Amendment by failing to protect him from assault, and (2) retaliation for filing suit, and (3) violation of the ADA. To the extent Doe alleges that various officers, officials, or entities have violated criminal laws or have conspired to violate criminal laws, those allegations do not state a cause of action. See Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989).

   A.  Eighth Amendment

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials "to take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To succeed on an Eighth Amendment claim for failure to protect an inmate, the plaintiff must allege facts that show the conditions posed a substantial risk of serious harm to the inmate and that the defendants were deliberately indifferent to the inmate's safety. Norton v. Rodrigues, 955 F.3d 176, 185 (1st Cir. 2020). Deliberate

9

indifference is more than negligence, and instead requires facts that show the defendant knew of and disregarded a substantial risk to safety.  Farmer, 511 U.S. at 837.

Doe has alleged sufficient facts to survive preliminary review for an Eighth Amendment claim against the Commissioner, Captain Masse, and Director Provencher.[4]  Although he names other officers and officials, his allegations pertain to events that occurred after the assault and, therefore, do no support an Eighth Amendment failure to protect claim.  The Eighth Amendment claim is the following:

> The Commissioner, Captain Masse, and Director Provencher violated Doe's Eighth Amendment right by failing to protect him from assault after Hobson circulated information about Doe's son's cooperation with authorities and Doe's son was put in protective custody.

B.  Retaliation

The First Amendment protects prisoners from retaliation by prison officials and officers for initiating litigation against the prison or its staff.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  To state a claim for retaliation in this context, a plaintiff must allege facts that show he engaged in a protected activity, such as filing a lawsuit, the prison or its

---

[4] To the extent Doe intended to bring the Eighth Amendment claim against members of Captain Masse's staff, he may add those names through a motion to amend and may propound discovery to learn their names if necessary.

10

officials or officers took an adverse action against him, and that there is a causal link between the filing of the lawsuit and the adverse action. Id.

Doe moved for a preliminary injunction based on his concern that the DOC, prison officials, or officers would retaliate against him for filing this lawsuit. The court denied that request without prejudice. Doc. no. 24. For the reasons stated in that order, Doe has not alleged a claim for retaliation, that is, while he has expressed concern about possible retaliation, he has alleged no facts to show that he has experienced any adverse action related to filing this lawsuit. Therefore, his claim for retaliation should be dismissed.

### C. ADA

In the context of prison, the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of [the prison], or be subjected to discrimination [in the prison]." 42 U.S.C. § 12132; Pa. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998). Under the ADA, prisons must take "reasonable steps to overcome barriers, like stairs, which impede access to those programs for inmates with disabilities." Snell v. Neville, 998 F.3d 474, 499 (1st Cir. 2021).

11

Doe appears to allege that he is disabled by mental illness and that certain defendants were obligated under the ADA to protect him from assault because of his disability.  His allegations do not implicate the ADA and do not state a cause of action under the ADA.  Therefore, any claim brought under the ADA should be dismissed for failure to state a claim.

## Conclusion

For the foregoing reasons, claims for retaliation, violation of the ADA, and criminal charges should be dismissed. Doe has alleged an Eighth Amendment claim:

> The Commissioner, Captain Masse, and Director Provencher violated Doe's Eighth Amendment right by failing to protect him from assault after Hobson circulated information about Doe's son's cooperation with authorities and Doe's son was put in protective custody.

That claim will be served on DOC Commissioner Helen Hanks, Captain Jon Masse, and Director Sarah Provencher pursuant to an order issued on this same date.  All other defendants named in the complaint and addenda should be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 15, 2022

cc: John Doe, pro se