UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John Doe[1]

    v.                                           Civil No. 21-cv-604-LM

N.H. Department of Corrections
Commissioner et al.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a motion (Doc. No. 72) asking the Court to allow him to join the New Hampshire Department of Corrections ("DOC") Classifications Department as a defendant to this action. The defendants filed an objection (Doc. No. 74), to which the plaintiff replied (Doc. No. 78). The motion is before this Court for a Report and Recommendation as to disposition.

**Standard**

The proposed joinder of a defendant in a civil case is "'governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party.'" Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-cv-104-LM, U.S. Dist. LEXIS 151771, at *4, 2015 WL 6872281, at *1, 2015 (D.N.H. Nov. 9, 2015) (citation omitted). "[C]ourts freely give leave to amend

---

[1]Plaintiff's name appears in plaintiff's filings. The court has provisionally altered the case caption for reasons set forth in its August 13, 2021 Order (Doc. No. 11).

where justice so requires, unless the amendment would be futile or reward undue delay." Hornof v. United States, No. 2:19-cv-00198-JDL, 2021 U.S. Dist. LEXIS 79853 at *2, 2021 WL 1651193, at *1 (D. Me. Apr. 27, 2021).

## Discussion

In his instant motion, the plaintiff simply asks to add the Classification Department as a defendant to this action. Plaintiff states no facts to demonstrate that he can assert a claim against the Classifications Department upon which relief might be granted. Even if the plaintiff had asserted facts in support of his request to join that department to this case, his motion should be denied as futile for the reasons discussed below.

To the extent the plaintiff seeks to assert a claim for damages against the Classifications Department, such claims are barred by the Eleventh Amendment, which provides state agencies immunity from damages suits. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (Eleventh Amendment generally precludes plaintiff from suing the State "including instrumentalities of the state, such as state agencies" (citation omitted)). As the Classifications Department is part of the DOC, a state agency, it is an "instrumentalit[y] of the state, and thus is immune from such a suit." Id.

Further, the plaintiff does not state that he seeks injunctive relief against the Classifications Department. Even if he had, however, the Court notes that the plaintiff has been released from state custody. Accordingly, there is likely no injunctive relief the Court could grant to the plaintiff relating to a claim against the Classifications Department. See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (where injunctive relief is sought, a "challenge to prison conditions or policies is generally rendered moot by [a prisoner's] transfer or release" as he no longer has a "'legally cognizable interest in a judicial decision on the merits of his claim'" for injunctive relief).

As explained herein, the plaintiff has not demonstrated that he can assert any cognizable claim against the Classifications Department. Accordingly, the District Judge should deny the plaintiff's motion (Doc. No. 72) to join the Classifications Department to this action as futile.

## Conclusion

For the foregoing reasons, the District Judge should deny the plaintiff's motion (Doc. No. 72) to amend his complaint to join the DOC Classifications Department as a defendant to this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See

Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

                                                   _____
                                                   Andrea K. Johnstone
                                                   United States Magistrate Judge

August 14, 2024

cc:   Plaintiff John Doe, pro se
      Brandon Francis Chase, Esq.
      Laura Raymond, Esq.